IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

THOMAS WINDHAM, SR., M.D.                                                              PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:14CV99-NBB-SAA

CLAUDE STEVEN THOMPSON                                                              DEFENDANTS
and THOMAS L. WINDHAM, JR.

## ORDER

This cause comes before the court upon Defendant Claude Steven Thompson's motion to transfer this action to bankruptcy court. Upon due consideration of the motion, response, exhibits, and authority, the court finds that the motion is well taken and should be granted.

Plaintiff Thomas Windham, Sr., M.D., initially filed this action in the Circuit Court of Lafayette County, Mississippi. After filing for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Mississippi on April 21, 2014, Plaintiff removed his own action to this court on May 7, 2014, asserting that the matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (O). In his notice of removal, Plaintiff consented to the entry of a final order or judgment by the bankruptcy court.

Defendant Thompson filed a response to the notice of removal agreeing that this matter is a core proceeding and likewise consenting to the entry of all final orders and judgments by the bankruptcy court. Thompson has now moved to transfer this action to the bankruptcy court. Plaintiff in response has withdrawn his original consent to allow the bankruptcy court to enter final judgment and opposes the motion to transfer, now asserting that some of his claims may be non-core and may only be adjudicated by an Article III court.

Pursuant to 28 U.S.C.A. § 157(a), "each district court may provide that any or all cases arising under title 11 and any or all proceedings arising under title 11 or arising in or related to a

case under title 11 shall be referred to the bankruptcy judges for the district." Bankruptcy judges may hear and determine all core proceedings arising under title 11. 28 U.S.C.A. § 157(b)(2).

When a bankruptcy court is presented with non-core proceedings, the bankruptcy judge is limited in its authority and can only submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C.A. § 157(c)(1). Though bankruptcy judges have statutory authority to render final judgments in non-core proceedings when all parties consent pursuant to 28 U.S.C.A. § 157(c)(2), they do not have constitutional authority. *See Stern v. Marshall*, 131 S. Ct. 2594 (2011); *In re BP RE, L.P.*, 735 F.3d 279 (5th Cir. 2013). Furthermore, even when a party initially consents to a bankruptcy court's authority to issue final judgments, if that party later withdraws consent prior to the issuance of a final judgment, the bankruptcy court no longer has statutory authority to issue final orders in non-core proceedings. *See Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

This court overrules Plaintiff's objection and finds that Defendant's motion to transfer should be granted. If the bankruptcy court determines that some of Plaintiff's claims are non-core, it may submit its proposed findings of fact and conclusions of law to this court, and this court will subsequently enter final judgment on those claims. *See* 28 U.S.C. § 157(c)(1).

It is, therefore, **ORDERED AND ADJUDGED** that Defendant's motion to transfer to bankruptcy court is hereby **GRANTED**, and this case is hereby **TRANSFERRED** to the United States Bankruptcy Court for the Northern District of Mississippi.

This, the 24th day of March, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**